NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2836
_____

UNITED STATES OF AMERICA

v.

DWAYNE CHRISTIAN,

Appellant
_____

On Appeal from the District Court
of the United States Virgin Islands
District Court No. 06-cr-00037-1
U.S. District Judge: The Honorable Harvey Bartle, III

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 17, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH, *Circuit Judges*

(Filed:  December 22, 2010)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Dwayne Christian was convicted by a jury of aiding and abetting the possession,

with the intent to distribute, of at least 5 kilograms of marijuana in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.  He was sentenced, *inter alia*, to six months

1

imprisonment and three years of supervised release.  This timely appeal followed.[1]

Christian's sole argument on appeal is that the District Court erred in denying his motion under Federal Rule of Criminal Procedure 29 for judgment of acquittal. According to Christian, the evidence to support his conviction was insufficient.  We "review[] the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government." *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998).   If a rational juror could have found the elements of the crime beyond a reasonable doubt, we must sustain the verdict.  *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004).

At trial, the evidence, viewed in the light most favorable to the government, established that Virgin Islands Police Officer Angel Diaz arrived at 100A Grove Place, Frederiksted, to execute an arrest warrant for Christian's brother, Darwin.  Diaz honked the horn several times and Darwin exited the trailer, asking if Diaz was there for him. When Diaz replied affirmatively, Darwin indicated he would get his shoes from inside the trailer.  Diaz refused to allow Darwin to return to the residence.  At that point, Darwin started running toward the rear of the trailer, down a hill towards some bushes, discarding an object in the process.  Diaz apprehended and arrested Darwin, placing him in the custody of other officers to transport to the police station.  Because Diaz had observed Darwin discarding an object, he retraced the path of the chase and located a clear plastic bag containing four rock-like substances, which subsequently tested positive for crack

---

[1]   The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a).  We have jurisdiction under 28 U.S.C. § 1291.

cocaine. In retracing his steps, Diaz crossed a water hose, which originated in the trailer and extended down the hill to a wooden structure. Diaz also observed that the wooden structure had an air conditioning unit, which was in operation at that time, and that light was visible in the doorframe of the wooden structure. Based on these facts, Diaz suspected an indoor growth operation for marijuana and requested a search warrant for the premises.

While Diaz was retracing the path of the chase, Christian arrived at 100A Grove Place, looking for his brother Darwin. Christian advised Diaz that the officers had to leave because they were on his property. Diaz refused, explaining that the law enforcement authorities were conducting a criminal investigation.

Execution of a search warrant later that day revealed that there were 78 marijuana plants inside the wooden structure, together with an air conditioner, a fluorescent light, and a transformer. Inside the trailer, Diaz found two plastic ziploc bags of marijuana in the freezer. In a kitchen cabinet, the officers located a scale and small baggies, which are used in packaging marijuana, cocaine, and crack. During the search, Diaz also obtained the assistance of employees from the Virgin Islands Water & Power Authority (WAPA) to ascertain the power source for the air conditioning unit in the wooden structure. When the meter for the trailer was disconnected, the air conditioning unit in the wooden structure ceased operation.

After the wooden structure was searched, Virgin Islands Police Officer Christopher Howell asked Christian who owned it. Christian stated that he "owned everything." An employee from the Recorder of Deeds Office testified during the trial

3

that the deed for the 100A Grove Place property vested title in Christian, and that Christian had obtained a mortgage secured by the property. A friend of Christian's from work testified that Christian lived in a trailer on his property. The WAPA billing records for the property indicated that the account was in Christian's name.

Immediately following the close of the evidence, Christian moved for a judgment of acquittal, contending that the evidence was insufficient. Without explanation, the Court denied the motion with respect to the aiding and abetting offense.

On appeal, we must determine if a rational juror could find from the evidence that the substantive crime of possession with the intent to distribute marijuana had been committed, and that Christian "knew of th[is] crime and attempted to facilitate it." *United States v. Garth*, 188 F.3d 99, 113 (3d Cir. 1999).

We conclude that there is sufficient evidence. The 78 marijuana plants were found on Christian's property in a structure that was easily accessible from his residence. Additional marijuana was found in the kitchen of Christian's residence, together with objects used to package marijuana. Furthermore, the plants were supplied with the necessary electricity and water from Christian's residence. The bills for these utilities were in Christian's name.

We will affirm the District Court's judgment.